UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ANDRE THOMPSON,

         Plaintiff,       16 Civ. 824 (PKC)

  -against-

                  MEMORANDUM
                   AND ORDER

CITY OF NEW YORK, and JOHN DOES 1-3,

         Defendants.
-----------------------------------------------------------x

P. KEVIN CASTEL, U.S.D.J.:

    Plaintiff Andre Thompson, who is unrepresented, asserts pursuant to 42 U.S.C. § 1983 that his constitutional rights were violated when the defendants strip searched him upon entering and leaving New York City Department of Correction ("DOC") facilities and during searches of his housing area. Plaintiff alleges that because he was a pretrial detainee facing only misdemeanor charges, these actions violated his Fourth Amendment rights as applicable to the defendants by reason of the Fourteenth Amendment.

    This action was filed on February 2, 2016. (Dkt. 2.) In an Order dated March 18, 2016, then Chief Judge Loretta Preska wrote that "[p]laintiff's allegations that he is a pretrial detainee facing misdemeanor charges and is strip searched when going to and from court, without more, are insufficient to state a claim." (Dkt. 5) (citing Florence v. Board of Chosen Freeholders of Cty. of Burlington, 566 U.S. 318 (2012)). However, Chief Judge Preska granted plaintiff leave to amend his complaint because there were still some situations in which it may not be reasonable to strip search pretrial detainees.

> Mailed to Thompson 5/9/2017

(See id.) (citing Florence, 566 U.S. at 339 (declining to reach the issue of searches involving intentional humiliation or abuse), In re Nassau Cty. Strip Search Cases, 639 F. App'x 746, 750-51 (2d Cir. 2016) ("categorically strip-searching the following two classes of detainees may not pass constitutional muster: (1) detainees charged with misdemeanors and segregated alone from the general population; and (2) detainees charged with misdemeanors and segregated with other detainees charged with misdemeanors from the general population."), and Turkmen v. Hasty, 789 F.3d 218, 260 (2d Cir. 2015) (policy requiring strip searches "was not reasonably related to legitimate penological interests" when there was "no possibility that [inmates] could have obtained contraband")).

Plaintiff filed an Amended Complaint on April 7, 2016. (Dkt. 6.) In an Order dated July 13, 2016, this Court set a briefing schedule for the defendant's proposed motion to dismiss, requiring any opposition from the plaintiff by October 10, 2016. (Dkt. 14.) On September 8, 2016, defendant City of New York moved to dismiss the Amended Complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P. (Dkt. 15.) It is now more than seven months since the defendant filed its motion to dismiss, and more than six months since the deadline for the plaintiff's response has passed. (Dkt. 14.) The plaintiff has not submitted opposition papers, and has not written the Court to request an extension. As a result, the motion is unopposed.

When considering a Rule 12(b)(6) motion, the Court draws all reasonable inferences in the plaintiff's favor and accepts as true the facts alleged in the complaint. In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 2007). To survive a motion to dismiss, a complaint must "contain sufficient factual matter . . . to 'state a claim to relief

that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Nevertheless, "'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Courts continue to afford special solicitude for pro se complaints after Iqbal and Twombly. See Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). A plaintiff's failure to respond to a motion to dismiss does not automatically warrant dismissal of the complaint. McCall v. Pataki, 232 F.3d 321, 323 (2d Cir. 2000).

In his Amended Complaint, plaintiff alleges that while he was held in three different DOC facilities – the Manhattan Detention Center ("MDC"), the George Motchan Detention Center ("GMDC"), and the Anna M. Kross Center ("AMKC") – he was strip searched multiple times in housing areas and in the intake areas when he was on his way to and from court. (Amended Complaint, Dkt. 6.) Plaintiff claims these searches occurred between September 9, 2015 and March 29, 2016. (Id.) According to plaintiff, the DOC officers had no "cause" to strip search him before he was taken to court because he was already required to clear multiple metal detectors and his clothing and property were scanned and hand searched by correction officers. (Id.) Similarly, he claims that there was no "cause" for officers to take him and 5-7 other inmates to the bathroom to be strip searched during housing area searches because correction officers already use drug sniffing dogs, metal detectors, and x-ray machines to search the person and property of

the inmates during these searches. (Id.) Accordingly, plaintiff concludes that the only purpose of these strip searches was to "demoralize, dehumanize, and violate [his Fourth] Amendment rights." (Id.)

Plaintiff alleges that he filed grievances at AMKC and GMDC regarding these strip searches. (Id.) According to the Amended Complaint, there was "no result" in his AMKC grievance and in response to his GMDC grievance he was "deemed a security risk." (Id.) Plaintiff does not appear to have appealed the DOC decision, if any, on either of his grievances. (Id.) (showing no response to the question "What steps, if any, did you take to appeal that decision?"). However, in his original complaint, he wrote that he was "never part of the appeals process because [he] was never spoken to anyone about [his] grievance." (Dkt. 2.)

The Amended Complaint fails to cure the deficiencies identified by Chief Judge Preska and is dismissed for substantially the same reasons noted in Chief Judge Preska's Order of March 18, 2016. The general practice of strip searching a detainee during housing searches and on the way to and from court appearances is not unconstitutional, even if the detainee is accused only of a misdemeanor. See Florence, 566 U.S. at 324, 339 (holding that suspicionless strip search of detainee arrested for a minor offense prior to his admission into the general jail population did not violate Fourth Amendment); Smith v. City of N.Y., No. 14 Civ. 5934 (JCF), 2015 WL 3929621, at *2-3 (S.D.N.Y. June 17, 2015) ("[T]he policy of strip searching inmates after contact visits or upon departing for court appearances does not, in itself, violate the Constitution."); Myers v. City of N.Y., No. 11 Civ. 8525 (PAE), 2012 WL 3776707, at *9 (S.D.N.Y. Aug. 29, 2012) (suspicionless strip searches of non-felony pretrial detainee at intake and

upon leaving facility for court appearances were constitutional); Israel v. City of N.Y., No. 11 Civ. 7726 (JMF), 2012 WL 4762082, at *3 (S.D.N.Y. Oct. 5, 2012) (strip searches before and after court visits and incident to random cell searches were reasonably related to legitimate security interests and did not violate Fourth Amendment). The types of searches described by the plaintiff serve the legitimate penological purpose of preventing contraband from coming into and out of prisons and jails. See Smith, 2015 WL 3929621, at *2; Israel, 2012 WL 4762082, at *3 (strip search during search of inmate's cell reasonable because it ensures inmate is not concealing contraband on his person).

Plaintiff's argument that there was no "cause" to strip search him is unavailing because Florence permits correction officers to strip search detainees without particularized suspicion, see Florence, 566 U.S. at 339; Jean-Laurent v. Wilkerson, 438 F. Supp. 2d 318, 323 (S.D.N.Y. 2006), aff'd, 461 F. App'x 18 (2d Cir. 2012) ("Generally, strip searches have been upheld as a reasonable security measure within a correctional facility even in the absence of probable cause as long as they are related to a legitimate penological goal."), and recognizes that strip searches are specifically "designed to uncover contraband that can go undetected by a patdown, metal detector, and other less invasive searches." Florence, 566 U.S. at 334.

For the foregoing reasons, the defendant's motion to dismiss (Dkt. 15) is GRANTED.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
      May 9, 2017